## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————————

CEDRICK HODGES,                          :
                                         :
                    Petitioner,          :        Case No. 3:15-cv-5951 (BRM)
                                         :
        v.                               :
                                         :
THE ATTORNEY GENERAL OF                  :        **OPINION**
THE STATE OF NEW JERSEY, et al.,         :
                                         :
                    Respondent.          :
—————————————————————————                :

**MARTINOTTI, DISTRICT JUDGE**

Petitioner, Cedrick Hodges, is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in 2004 to robbery, aggravated sexual assault, and kidnapping. He is currently serving an aggregate term of fifteen years imprisonment subject to an eighty-five percent period of parole ineligibility pursuant to New Jersey's No Early Release Act ("NERA"). N.J. Stat. Ann. § 2C:43-7.2. For the reasons set forth below, and for good cause appearing, the Petition is denied and a certificate of appealability shall not issue.

### I.    BACKGROUND

In 2004, Petitioner pled guilty to, and was convicted of, first-degree robbery in violation of N.J. Stat. Ann. § 2C:15-1; first-degree aggravated sexual assault in violation of N.J. Stat. Ann. § 2C:14-2; and first-degree kidnapping in violation of N.J. Stat. Ann. § 2C:13-1(b). (*See* ECF No. 6-2.) Petitioner was initially sentenced on June 9, 2004 to twenty years imprisonment subject to NERA.

On March 30, 2006, almost two years after his sentence, Petitioner filed a direct appeal with the New Jersey Appellate Division. (*See* ECF No. 12-3 at 52-53.) Although his appeal was

untimely, the Appellate Division granted Petitioner's motion to file his appeal nunc pro tunc. (*See id.* at 53.) On April 2, 2009, in an unpublished opinion, the Appellate Division affirmed Petitioner's conviction but remanded the matter back to the trial court for resentencing because the trial court had not "express[ed] its reasons on the record" for finding that certain aggravating factors applied. *See State v. Hodges,* Indictment Nos. 01-08-1116 and 01-08-1117 and Accusation No. 04-02-0155, 2009 WL 857407, at *12 (N.J. Super. Ct. App. Div. Apr. 2, 2009). Petitioner appealed this ruling, but the New Jersey Supreme Court denied certification. (*See* ECF No. 12-3 at 84.) Petitioner was subsequently resentenced on July 23, 2012 to an aggregate term of fifteen years imprisonment subject to NERA. (*See* ECF No. 12-1 at 1.) Petitioner did not seek an appeal of this sentence. (*See* ECF No. 14 at 3-4.)

On March 11, 2010, while Petitioner was awaiting his resentencing, he submitted his first petition for Post-Conviction Relief ("PCR"). (*See* ECF No. 12-3 at 85.) On April 17, 2012, oral argument on the petition was held before the Honorable Robert C. Billmeier, J.S.C. (*See* ECF No. 6-3 at 4.) On June 4, 2012, Judge Billmeier issued a written opinion denying in part and granting in part Petitioner's PCR. (*See id.* at 1-12.) The PCR granted only Petitioner's claim requesting to be resentenced in accordance with the Appellate Division's April 2, 2009 decision. (*See id.*) The PCR court denied the remainder of Petitioner's PCR for having been filed out of time. (*See id.* at 8-9.) Under New Jersey Court Rule 3:22-12, Petitioner had five years from the date of his judgment of conviction to file his PCR. (*See id.*) However, Petitioner failed to file his PCR until five years and nine months after his judgment of conviction, thereby making his PCR was untimely. (*See id.*) The PCR court also held that, assuming arguendo Petitioner had filed his PCR within time, his petition still would have been denied because the claims he raised were wholly without merit. (*See id.*) Petitioner appealed the PCR court's decision, and on October 6, 2014, the Appellate Division

affirmed the denial of Petitioner's PCR for "essentially the reasons" stated in the PCR court's thorough written opinion. *State v. Hodges*, Indictment No. 01-08-1116, 2014 WL 4956737, at *2 (N.J. Super. Ct. App. Div. Oct. 6, 2014). Petitioner thereafter filed a petition for certification to the New Jersey Supreme Court, but that petition was denied on April 2, 2015. *State v. Hodges*, 112 A.3d 591 (N.J. 2015).

Petitioner filed the instant habeas action in August 2015. (*See* ECF No. 1.) After screening the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases, it appeared that Petitioner's filing was untimely. (*See* ECF No. 2.) The Court issued an order directing Respondents to file a limited response on the issue of timeliness and permitting Petitioner to file a reply and raise any applicable equitable tolling arguments. (*See id.*) On September 25, 2015, Respondent's filed a limited answer and Petitioner filed a response shortly thereafter. (*See* ECF Nos. 5, 8.)

## II. DECISION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress set forth a one-year period of limitation for the filing of federal habeas corpus petition by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); 28 U.S.C. § 2241(d)(1). The governing statute of limitations is codified under 28 U.S.C. § 2244(d), and it states, in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d).

3

Under 28 U.S.C. § 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001). An application is deemed "properly filed" when it is submitted in compliance with the state's procedural requirements. *See id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Importantly, it is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not deemed "properly filed" under § 2244(d)(2). *See Pace*, 544 U.S. at 414 ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).

Here, Petitioner's judgment of conviction was entered on June 9, 2004. (*See* ECF No. 6-2.) He was resentenced on July 23, 2012. (*See* ECF No. 14-1.) In New Jersey, a defendant has forty-five days to file a notice of appeal with the Appellate Division. *See* N.J. Ct. R. 2:4(a). Thus, on September 6, 2012, forty-five days after Petitioner was resentenced, Petitioner's time to file a direct appeal with the Appellate Division expired, and his conviction became final for the purpose of § 2244(d). The following day, on September 7, 2012, Petitioner's habeas statute of limitations began to run, and it elapsed one year later, on September 7, 2013. *See* 28 U.S.C. § 2244(d)(1)(a). Petitioner filed the instant habeas action in July 2015, over two-and-a-half (2 ½) years later.

The fact that Petitioner filed a PCR while he was awaiting resentencing does not induce statutory tolling of Petitioner's one-year habeas deadline because Petitioner's PCR was not "properly filed." *See Pace*, 544 U.S. at 414; *see also Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for the purposes of tolling"). Under New Jersey Court Rule 3:22-12, a petition for PCR must be filed within five years of the date of entry of a judgment of conviction. *See e.g.,* Pressler, *Current N.J. Court Rules*, cmt. 2 on N.J. Ct. R. 3:22-12 (2015) ("The five-year period . . . commences when the judgment of conviction is entered and is neither stayed nor tolled by appellate or other review proceedings."); *State v. Dillard,* 506 A.2d 848, 850 (N.J. Super. Ct. App. Div.), *certif. denied*, 523 A.2d 169 (1986) (finding that "there is no provision for tolling in R. 3:22-12 by reason of a direct appeal").

In Petitioner's case, the PCR court held that his submission was untimely because more than five years elapsed between Petitioner's judgment of conviction on June 4, 2004, and Petitioner's filing of his PCR on March 11, 2010. (*See* ECF No. 6-3 at 8-9.) While the PCR court also decided Petitioner's claim on the merits, the United States Supreme Court has held that this has no bearing on the fact that the application was untimely. *See Pace*, 544 U.S. at 414. A finding that a PCR is untimely is "the end of the matter, regardless of whether it also addressed the merits of the claim or whether its timeliness ruling was 'entangled' with the merits." *Id.* (quoting *Carey v. Saffold,* 536 U.S. 214, 226 (2002)). Thus, since Petitioner's PCR was not "properly filed," he is not entitled to statutory tolling for the pendency of his PCR proceedings.

If, however, a petitioner can demonstrate extraordinary circumstances to warrant "equitable tolling," then a court may relax the one-year limitations period. *See Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84-85 (3d Cir. 2013). In *Holland v. Florida*, 560

U.S. 631, 649-50 (2010), the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate instances to be determined on a case-by-case basis. *See e.g., Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418); *see also Jenkins*, 705 F.3d at 89.

"The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *see also Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

"[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance to merit equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398

F.3d at 275–276; *see also Holland*, 560 U.S. at 648–49. Extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances do exist, the individual seeking equitable tolling must still have exercised reasonable diligence in attempting to file their submission after the extraordinary circumstances began. *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

In the instant case, Petitioner argues that he is entitled to equitable tolling because his appellate counsel failed to timely file his direct appeal. (*See* ECF No. 8 at 4-5.) Petitioner contends that by the time his appeal was eventually filed, decided by the Appellate Division, and denied certification by the New Jersey Supreme Court, his five-year time limit to file a PCR had already tolled. (*See id.* at 6.) However, the pendency of appellate proceedings neither stays nor tolls the time limits prescribed for a PCR submission. *See Dillard,* 506 A.2d at 850. Therefore, appellate counsel's failure to file a direct appeal within time does not have any bearing on Petitioner's inability to file a timely PCR.

Petitioner put forth no additional reasons as to why he was unable to file his PCR within time, nor why he should be entitled to equitable tolling. Accordingly, this Court, having reviewed Petitioner's filings, finds no extraordinary circumstances that could trigger equitable tolling, and the Petition will be dismissed as untimely.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its ruling. Therefore, a certificate of appealability shall not issue.

### IV.   CONCLUSION

For the reasons stated above, the Petition for habeas relief is **DENIED** and a certificate of appealability shall not issue.

DATED: June 16, 2020                                 */s/Brian R. Martinotti*
                                                      **BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**